**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| John Barone, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : **COMPLAINT** |
| Cavalry Portfolio Services, L.L.C.; and DOES 1-10, inclusive, | : |
| | : |
| Defendant. | : |

For this Complaint, the Plaintiff, John Barone, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of, *inter alia,* the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, John Barone ("Plaintiff"), is an adult individual residing in Lake Zurich, Illinois, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Cavalry Portfolio Services, L.L.C. ("Cavalry"), is a New York business entity with an address of 7 Skyline Drive,  Hawthorne, NY 10532, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Cavalry and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Cavalry at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.  The Debt**

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to GE Moneybank (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Cavalry for collection, or Cavalry was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Cavalry Engages in Harassment and Abusive Tactics**

## FACTS

12.     The Defendants placed calls to Plaintiff at 6:00am and 6:30am.

13.     Despite that Plaintiff asked the Defendants not to call so early in the morning, Defendants persisted.

14.     The Defendants have failed to identify themselves when speaking with Plaintiff and did not state that Defendant's call is an attempt to collect a debt.

15.     The Defendants called the Plaintiff's business partner and discussed the debt.

16.     The Defendant was rude and stated to Plaintiff's business partner: "I have your tax ID for your company. John is the manager. We know how much you guys are making. We want to know when you'll be settling this debt."

17.     The Defendants added fees and interest to the debt that were not in the original agreement.

**C. Plaintiff Suffered Actual Damages**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and

utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

21.     The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

22.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants
contacted third parties and failed to identify themselves and further failed to confirm or correct
location information.

23.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants
informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants
contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being
asked to do so.

25.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants
contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

26.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants
communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit
bureau.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed
calls to the Plaintiff without disclosing the identity of the debt collection agency.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants
misrepresented the character, amount and legal status of the Debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed

4

to inform the consumer that the communication was an attempt to collect a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that Defendants attempted to collect an amount not authorized by the agreement creating the Debt.

31.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ILLINOIS COLLECTION AGENCY ACT
## 225 ILCS 425/1, *et seq.*

33.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

34.     A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

35.     Cavalry Portfolio Services, L.L.C., in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.

36.     The Defendants' conduct violated 225 ILCS 425/9(a)(26) in that Defendants misrepresented the amount of the claim or debt alleged to be owed.

37.     The Defendants' conduct violated 225 ILCS 425/9(a)(27) in that Defendants represented that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt.

38.     The Defendants' conduct violated 225 ILCS 425/9(a)(29) in that Defendants collected or attempted to collect any interest or other charge or fee in excess of the actual debt or claim.

5

39.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

40.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT
## 815 ILCS 505, *et seq.*

41.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

42.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "unfair acts and practices" within the meaning of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

43.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of 815 ILCS 505/2.

44.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

45.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

47.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

48.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Illinois.

49.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## COUNT VI
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

50.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

52.     Illinois further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Illinois state law.

53.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

54.     The conduct of the Defendants in engaging in the illegal collection activities

7

resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

55.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

56.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.   Against the named the Defendants, jointly and severally, awarding the Plaintiff actual damages;

2.   Against each of the named the Defendants, awarding the Plaintiff statutory damages;

3.   Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees ;

4.   Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

5.   Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 26, 2011

Respectfully submitted,

By ___/s/ Tali Albukerk_____

Tali Albukerk, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250 Ext. 5524
Facsimile:  (888) 953-6237
IL ARDC: 6283299
Attorney for Plaintiff